```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**MAZOLA M. EVANS,**

      Plaintiff

v.                                    Civil Action No.: 2:04-0416

**JO ANNE BARNHART,**
Commissioner of
Social Security,

      Defendant

_____

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the court pursuant to Rule 72(b) of the Federal Rules of Civil Procedure on plaintiff's objections to the proposed Findings and Recommendation of United States Magistrate Judge Mary E. Stanley, filed March 15, 2005.

I.

Plaintiff Mazola Mae Evans, now 50, filed her application for disability insurance benefits on August 24, 2002, alleging disability as of July 30, 2002, as a consequence of a neck injury sustained in an automobile accident. A hearing was conducted on plaintiff's claim on August 14, 2003, subsequent to which the administrative law judge ("ALJ") issued a decision

dated November 23, 2003, finding that plaintiff was not entitled to benefits. The decision became final on February 27, 2004, when the Appeals Council denied plaintiff's request for review.

On April 30, 2004, plaintiff filed this action seeking judicial review of the administrative decision pursuant to 42 U.S.C.A. § 405(g). The sole issue before the court is whether the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying plaintiff's claim for benefits is supported by substantial evidence. <u>See</u> 45 U.S.C.A. § 405(g); <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996). The magistrate judge has issued her findings and recommendation, concluding that the ALJ's decision was supported by substantial evidence, and recommending that the Commissioner's decision denying plaintiff benefits be affirmed.

Plaintiff objects to the magistrate judge's report on the grounds that she incorrectly found that: (1) "substantial evidence supports the ALJ's decision to reject the opinion of Dr. Weinsweig"; and (2) the vocational testimony regarding the functional capacity evaluation ("FCE") was supported by substantial evidence.

II.

Having reviewed the record de novo, the court concludes that each of the areas of objection was adequately addressed by the magistrate judge.  The ALJ found that plaintiff's exertional limitations prevent her from performing the full range of light work, but that there are a significant number of jobs in the national economy that she can perform.  (Tr. at 20.)  The record supports the findings of the ALJ.

In her objections, plaintiff makes the following statement, nearly identical to the argument presented to the magistrate judge in plaintiff's memorandum in support of her motion for judgment on the pleadings: "Dr. [David] Weinsweig is a highly regarded physician who is known to be conservative in his opinions regarding the ability of a person to work.  Dr. Weinsweig is the physician who performed the surgery on the plaintiff and is in the best position to know how the plaintiff has healed and whether or not she can work."  (Obj. at 2.)  As noted by the magistrate judge, Dr. Weinsweig's opinion was given due consideration by the ALJ who stated:

> Dr. Weinsweig had just indicated that a
> functional capacity assessment revealed the
> claimant could perform sedentary exertion.
> He gives no explanation of why the claimant
> cannot perform any type of employment.  Also

3

> the opinion is not supported by Dr.
> Weinsweig's own treatment records of the
> claimant indicating that she had
> significantly improved (Exhibit 7F, p3).
> Even as early as August 2002 Dr. Weinsweig
> noted that the claimant had only mild
> weakness of the right arm and overall was
> doing quite well (Exhibit 7F, p5). In fact,
> by February 3, 2003, Dr. Weinsweig noted that
> the claimant was moving her right arm quite
> well. He offered the claimant physical
> therapy but she declined. Dr. Weinsweig
> noted that he did not have a lot more to
> offer the claimant from a neurosurgical
> viewpoint (Exhibit 7F, p2).

(PFR at 8-9, quoting Tr. at 17.) In recommending that the court find that substantial evidence supports the weight given to Dr. Weinsweig's opinion by the ALJ, the magistrate judge also pointed to the treatment notes wherein it is noted that the claimant was doing well, and to the deficiency of objective medical findings contained in those notes. Furthermore, she noted that other substantial evidence of record is inconsistent with the opinion of Dr. Weinsweig. In consideration of these factors, the ALJ gave proper weight to the opinion of Dr. Weinsweig.

Plaintiff further objects to the portion of the magistrate judge's recommendation endorsing the ALJ's finding that the vocational testimony was supported by substantial evidence. Plaintiff suggests that the ALJ did not consider non-exertional limitations contained in the report of the FCE

4

performed on March 26, 2003, which indicates plaintiff is capable only of sedentary work. (See Tr. at 225, Exh. 9F.) Yet, as the magistrate judge noted, "when the hypothetical question was modified to include a limitation of sedentary work, the vocational expert continued to identify a significant number of jobs [plaintiff] could perform." (PFR at 11 citing Tr. at 254.)

Moreover, the magistrate judge observed that plaintiff's counsel had an opportunity to question the vocational expert at the hearing, but declined. Plaintiff argues that the limitations were not then available to her counsel for examination of the vocational expert, because the FCE containing those limitations was not submitted until after the conclusion of the hearing. (Obj. at 2.)

It is true that the report of the FCE was submitted after the hearing was conducted. The ALJ held open the record for a time to allow plaintiff the opportunity to submit additional medical records (Tr. at 13, 255), and it was during the post-hearing period that plaintiff submitted the FCE report. That evaluation, however, was performed on March 26, 2003, nearly five months prior to the hearing held on August 14, 2003. (Tr. at 225.) Dr. Weinsweig noted in a letter written to another doctor and dated April 9, 2003, that plaintiff's "FCE places her

5

in a sedentary classification of work" and "it is not very likely that she is going to be able to do any type of employment." (Tr. at 217, Exh. 7F.)

The ALJ provided plaintiff's counsel with notice of the August 14, 2003, hearing by letter dated May 16, 2003. (Tr. at 40.) In that notice, counsel was instructed that he could review the evidence contained in plaintiff's file prior to the hearing. (Id.) As it appears that Dr. Weinsweig's records were a part of that file, plaintiff ought to have been aware of the existence of the March 26, 2003, FCE and Dr. Weinsweig's reliance on that report prior to the August 14, 2003, hearing.

In addition to Dr. Weinsweig's documented reference to the FCE, a typewritten notation dated April 1, 2003, appearing at the top of the copy of the FCE submitted to the ALJ, indicates that the summary for "your client, Mazola Evans" was forwarded via facsimile transmission from Tug Valley Physical Therapy on April 2, 2003, "[t]o whom it may concern."[1] (Id.) Plaintiff's counsel represented at the hearing that he did not have the FCE report, but that he had requested a copy from Dr. Weinsweig on July 21, 2003, and could provide one to the ALJ. (TR. at 234.)

---

[1] This facsimile was directed to the same area code and exchange as that of plaintiff's counsel.

The ALJ allowed 14 days for submission of the report, and it was received into evidence within that period. (Id.)

Considering the above factors, it appears that plaintiff had knowledge of the FCE well in advance of the hearing and thus did, in fact, have an opportunity to question the vocational expert as to its contents. Despite this knowledge, however, plaintiff's counsel voiced no objection when the ALJ questioned the vocational expert. (Tr. at 254.) In fact, counsel does not appear to have directed the ALJ's attention to the limitations noted in the FCE at any point, including during the 14-day post-hearing period when counsel submitted the FCE for the ALJ's consideration.

It is further noted that the ALJ in his decision rendered November 23, 2003, relied only in part on the March 26th FCE, and actually gave greater weight to the state agency assessments of December 19, 2002, and April 2, 2003. The evaluator reviewing those results indicated that plaintiff is capable of performing light duty work, and the ALJ found greater support in the record for this conclusion. (Tr. at 17.)

The magistrate judge fully dealt with plaintiff's contentions. The court finds that the ALJ's decision is

supported by substantial evidence.  His finding that the claimant can perform a significant number of light duty jobs is well based in the record.

### III.

For the reasons stated, and having reviewed the record de novo, the court adopts and incorporates herein the magistrate judge's proposed findings and recommendation in their entirety.  It is ORDERED that defendant's motion for judgment on the pleadings be, and it hereby is, granted, and that plaintiff's motion for judgment on the pleadings be, and it hereby is, denied.  It is further ORDERED that the final decision of the Commissioner be, and it hereby is, affirmed.

The clerk is directed to forward copies of this written opinion to all counsel of record and the United States Magistrate Judge.

DATED: April 20, 2005

John T. Copenhaver, Jr.
United States District Judge